EXHIBIT B
TO THE CERTIFICATION OF BRIAN E. O'DONNELL
DATED APRIL 19, 2007

Railroad Ins. Underwriters v. Certain Underwriters at Lloyd's, London, et al.

07cv3071(LLS)

713597

# SIDLEY AUSTIN LLP
## SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

asorkowitz@sidley.com
(212) 839-5791

BEIJING     GENEVA        SAN FRANCISCO
BRUSSELS    HONG KONG     SHANGHAI
CHICAGO     LONDON        SINGAPORE
DALLAS      LOS ANGELES   TOKYO
FRANKFURT   NEW YORK      WASHINGTON, D.C.

FOUNDED 1866

February 22, 2007

By Hand Delivery

Mendes & Mount
750 Seventh Avenue
New York, New York 10019
Attn: Ms. Ellen R. Clarke

Re:   Service of Process

Dear Sir or Madam:

This firm represents Railroad Insurance Underwriters ("RIU"), an unincorporated association. I refer to a certain "Railroad Insurance Underwriters Quota Share Treaty," incepting November 30, 1963 (the "Treaty") and renewed thereafter, a copy of which is enclosed for your convenience. Pursuant to Article 16 of the Treaty, your firm is appointed as agent for receipt of service of process in the event of the failure of the reinsurers to pay any amount claimed to be due.

Enclosed for service please find a Summons and Complaint in connection with an action in the Supreme Court of the State of New York, County of New York, by RIU against three of the reinsurers -- Certain Underwriters at Lloyd's, Excess Insurance Company Limited, and Harper Insurance Limited (formerly Turegum Insurance Company) -- seeking amounts claimed to be due pursuant to the Treaty.

Will you kindly forward the Summons and Complaint to the three reinsurers promptly so as to ensure that they timely (a) serve their answer, and (b) post the necessary security under N.Y. Insurance Law §1213.

Sincerely,

Alan J. Sorkowitz

Enclosures

MENDES & MOUNT LLP
RECEIVED

FEB 23 2007
Time 4:00 pm
Signature ___

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

NY1 6036567v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RAILROAD INSURANCE UNDERWRITERS,

          Plaintiff,

- against -

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON; EXCESS INSURANCE COMPANY
LIMITED; and HARPER INSURANCE LIMITED,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 600576-07
Date purchased: 2-23-07

Plaintiff designated New York County as the place of trial. The basis of venue is CPLR 501, 503 and 509.

**SUMMONS**

Plaintiff resides in New York County

NEW YORK
COUNTY - CLERK'S OFFICE

FEB 23 2007

NOT COMPARED
WITH COPY FILED

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the if the Complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after service of this summons, exclusive of the date of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       February 22, 2007

MENDES & MOUNT LLP
RECEIVED

FEB 23 2007
Time _____
Signature _____

                                                    SIDLEY AUSTIN LLP

                                            By:  /s/ Alan J. Sorkowitz
                                                    Alan J. Sorkowitz
                                                    Michael D. Grabo
                                                    787 Seventh Avenue
                                                    New York, New York 10019
                                                    (212) 839-5300

                                                    *Attorneys for Plaintiffs*

Defendants' Addresses:

Certain Underwriters at Lloyd's, London
c/o Mendes & Mount
750 Seventh Avenue
New York, New York 10019

Excess Insurance Company Limited
c/o Mendes & Mount
750 Seventh Avenue
New York, New York 10019

Harper Insurance Limited
c/o Mendes & Mount
750 Seventh Avenue
New York, New York 10019

2

NY1 6036230v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------- x
                                      :
RAILROAD INSURANCE UNDERWRITERS,      :
                                      :     Index No. _____
                    Plaintiff,        :
                                      :
         - against -                  :     COMPLAINT
                                      :
CERTAIN UNDERWRITERS AT LLOYD'S,      :
LONDON; EXCESS INSURANCE COMPANY      :
LIMITED; and HARPER INSURANCE LIMITED,:
                                      :
                    Defendants.       :
                                      :
                                      :
------------------------------------- x

        Railroad Insurance Underwriters, by his attorneys, Sidley Austin LLP, alleges as follows as and for his Complaint against the above-named defendants:

## INTRODUCTION

        1.     This is an action on behalf of Railroad Insurance Underwriters (hereinafter "RIU"), an association of insurance companies that issued insurance policies to various railroads, against three of its reinsurers: Certain Underwriters at Lloyd's, London, Excess Insurance Company Limited, and Harper Insurance Limited (formerly known as Turegum Insurance Company) (collectively, the "Reinsurers"). RIU has paid claims to its policyholders, billed the Reinsurers for their share of the losses, and complied in all respects with the relevant reinsurance agreements, yet the Reinsurers have failed to make payment to RIU for their share of the losses, in plain violation of the reinsurance agreements. Moreover, the Reinsurers have offered neither excuse nor explanation for their failure to comply with the reinsurance agreements, a state of affairs which has continued over several years to the detriment of RIU and its members. The

Reinsurers have raised no issue relating to the interpretation of the reinsurance agreements; in fact, they have never articulated any reason whatsoever for their failure to comply with the agreements and have ceased communicating with RIU at all. As a result, RIU seeks by this action not only damages for breach of the reinsurance agreements, in an amount that exceeds $2,000,000.00, but also pre-judgment interest and attorneys' fees.

## PARTIES

2.  RIU is an unincorporated association organized pursuant to a Constitution adopted October 2, 1956 and having its principal office in New York, New York. It is an association of insurance companies organized for the purpose of insuring railroads. RIU's operations are currently in the process of being "run off" (i.e., remaining assets collected and liabilities paid) by a Committee of Officers. The Committee of Officers has authorized the bringing of the present action. RIU has no "president" or "treasurer" within the meaning of CPLR 1025.

3.  Defendant Certain Underwriters at Lloyd's, London (hereinafter "Lloyds"), is a collective name for certain insurance and/or reinsurance syndicates operating at the "Lloyd's" insurance exchange in London, England. The Lloyds syndicates involved in the present action are listed on Exhibit A hereto. A "syndicate" at Lloyds is a combination of individuals, referred to as "Names," carrying on an insurance or reinsurance business through a named underwriter. The Names are the persons actually responsible for the liabilities arising under insurance and/or reinsurance policies entered into by the syndicate.

4.  Defendant Excess Insurance Company Limited (hereinafter "Excess") is, on information and belief, a corporation organized and having its principal place of business in England.

2

5.     Defendant Harper Insurance Limited, formerly known as Turegum Insurance Company (hereinafter "Harper"), is, on information and belief, a corporation organized and having its principal place of business in England.

6.     Each of the defendants is an unauthorized foreign or alien insurer within the meaning of § 1213(c) of the Insurance Law and is thus required pursuant to that provision to either post security for its liabilities or procure a license to do business in this state before filing any pleading in this action.

### THE INSURANCE POLICIES AND REINSURANCE AGREEMENTS

7.     For many years beginning in or around 1957, RIU was engaged in insuring railroads. RIU issued policies to dozens of railroads for various coverages and limits of liability.

8.     By a series of "Quota Share Reinsurance Treaties" (hereinafter the "reinsurance agreements") made annually during the period 1963-1969, the Reinsurers reinsured RIU's insurance policies issued to railroads. A list of the reinsurance agreements is Exhibit B hereto.

9.     "Reinsurance" is a contractual relationship whereby one insurance company (the "reinsurer") promises to indemnify another insurance company (the "reinsured") for some or all of the liability under one or more policies of insurance, in exchange for some or all of the premium paid to the reinsured by the policyholder.

10.    Pursuant to the reinsurance agreements, the Reinsurers assumed a portion (ranging from 15% to 25% depending upon the particular year, as reflected in detail on Exhibit B), of RIU's liability under its railroad insurance policies, in exchange for a portion of the premiums paid in connection with those policies.

## RIU'S PERFORMANCE OF THE REINSURANCE AGREEMENTS AND THE REINSURERS' UNEXPLAINED FAILURE TO PERFORM

11.  RIU duly collected premiums on its insurance policies issued to railroads during the period 1963-69, and investigated and paid claims to policyholders thereunder. Because many claims under the policies were not asserted until years after the expiration of the policy, the process of investigating, adjusting and paying claims has continued for many years and continues to this day.

12.  Pursuant to the reinsurance agreements, RIU duly paid premiums to the Reinsurers and complied with all other applicable provisions of the agreements.

13.  Beginning in 1963, and continuing to the present day, RIU submitted statements to the Reinsurers of the amount due to Reinsurers in premiums collected and due from Reinsurers in losses incurred.

14.  For many years, the Reinsurers paid the amounts due under the statements rendered by RIU where such statements indicated a balance due.

15.  More recently, however, the Reinsurers have engaged in a pattern and course of conduct of failing to pay amounts due to RIU pursuant to the statements rendered by RIU, despite due notice and demand for payment.

16.  Specifically, Lloyds has failed to pay $1,242,059.44 in balances due under the reinsurance agreements; Excess has failed to pay $345,002.71 in balances due under the reinsurance agreements; and Harper has failed to pay $483,036.92 in balances due under the reinsurance agreements.

17.  The Reinsurers' breach of the reinsurance agreements is a continuing one. RIU periodically issues statements to the Reinsurers of amounts due pursuant to pursuant to the

4

reinsurance agreements and periodically re-bills amounts due for prior periods. New periodic statements are issued from time to time and will continue to be issued until all claims activity under the underlying railroad insurance policies ends.

18. From time to time, RIU, in person and through intermediaries, has inquired why the Reinsurers have failed to pay balances due pursuant to the reinsurance agreements. In response, the Reinsurers have raised no issues concerning the interpretation of the reinsurance agreements. They have raised no questions as to the reasonableness of RIU's payment of losses under the railroad insurance policies. They have raised no issues concerning the proper calculation of their share of the losses. On the contrary, the Reinsurers have offered no explanation whatsoever for their non-payment.

### AS AND FOR A FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19. RIU repeats and realleges the allegations of Paragraphs 1 through 18.

20. The reinsurers have breached the reinsurance agreements by virtue of their continuing, unexplained failure to make payment of balances due thereunder.

### AS AND FOR A SECOND CAUSE OF ACTION – ACCOUNT STATED

21. RIU repeats and realleges the allegations of Paragraphs 1 through 18.

22. RIU's periodic billing statements to the Reinsurers, which were never objected to over a period of many years and which periodically restated the amount due, have become an account stated.

WHEREFORE, plaintiff demands judgment against the Reinsurers, granting the following relief:

1. Money damages in the amount of $1,242,059.44 against Lloyds, $345,002.71 against Excess, and $483,036.92 against Turegum;

2. Pre-judgment interest at the statutory rate from the date the cause of action arose, which interest, on information and belief, will increase the total judgment by approximately 50% as to each defendant;

3. An injunction requiring the Reinsurers to pay such additional amounts as may become due pursuant to the reinsurance agreements and to do such additional things as they may become obligated to do pursuant to those agreements;

4. The immediate posting of a bond or other undertaking, with good and sufficient surety, securing each Reinsurer's share of remaining losses reasonably expected to arise under the reinsurance agreements;

5. Costs and disbursements as allowed by law;

6. Such reasonable attorneys fees as have been incurred and will be incurred by plaintiff in the prosecution of this action; and

7. Such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       February 22, 2007

                                             SIDLEY AUSTIN LLP
                                             By: _____
                                                 Alan J. Sorkowitz
                                                 Michael D. Grabo

                                             787 Seventh Avenue
                                             New York, New York 10019
                                             (212) 839-5300
                                             Attorneys for Plaintiff

6

NY1 5830794v.4

# Exhibit A
## List of Lloyds Syndicates

| No. | Contract Term | Certificate Number | Lloyds Syndicates Nos. |
|---|---|---|---|
| 1 | 12/1/63 – 11/30/64 | R-62259 | 524<br>969<br>511<br>347<br>990<br>665<br>131<br>854<br>610 |
| 2 | 12/1/64 – 11/30/65 | R-62259 | 524<br>969<br>511<br>347<br>990<br>665<br>131<br>854 |
| 3 | 12/1/65 – 11/30/66 | R-62259 | 524<br>969<br>511<br>347<br>990<br>665<br>131<br>854 |
| 4 | 12/1/66 – 11/30/67 | R-62259 | 524<br>511<br>347<br>990<br>975<br>917<br>665<br>131<br>164<br>854<br>484<br>371<br>56<br>235<br>144 |

| | | | |
|---|---|---|---|
| 5 | 12/1/67 – 11/30/68 | R-62259 | 524 |
| | | | 511 |
| | | | 347 |
| | | | 917 |
| | | | 235 |
| | | | 975 |
| | | | 854 |
| | | | 164 |
| | | | 109 |
| | | | 56 |
| | | | 144 |
| | | | 660 |
| | | | 558 |
| | | | 15 |
| 6 | 12/1/68 – 11/30/69 | R-62259 | 524 |
| | | | 854 |
| | | | 917 |
| | | | 56 |
| | | | 990 |
| | | | 558 |
| | | | 144 |
| | | | 235 |
| | | | 660 |
| | | | 15 |

2

# Exhibit B
# List of Reinsurance Agreements

| No. | Contract Term | Certificate Number | Reinsurers | Reinsurer Participation |
|---|---|---|---|---|
| 1 | 12/1/63 – 11/30/64 | R-62259 | Lloyds | 16.316% |
| | | | Excess | 4.184% |
| 2 | 12/1/64 – 11/30/65 | R-62259 | Lloyds | 20.00% |
| | | | Excess | 5.00% |
| 3 | 12/1/65 – 11/30/66 | R-62259 | Lloyds | 20.00% |
| | | | Excess | 5.00% |
| 4 | 12/1/66 – 11/30/67 | R-62259 | Lloyds | 19.50% |
| | | | Excess | 5.00% |
| 5 | 12/1/67 – 11/30/68 | R-62259 | Lloyds | 21.583% |
| | | | Turegum Insurance Co. (Harper) | 3.417% |
| 6 | 12/1/68 – 11/30/69 | R-62259 | Lloyds | 9.00% |
| | | | Turegum Insurance Co. (Harper) | 3.50% |
| | | | Excess | 2.50% |

3

Index No. 600576-07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RAILROAD INSURANCE UNDERWRITERS,

Plaintiff,

- against -

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; EXCESS INSURANCE COMPANY LIMITED; and HARPER INSURANCE LIMITED,

Defendants.

## SUMMONS AND COMPLAINT

SIDLEY AUSTIN LLP

ATTORNEYS FOR Plaintiff
RAILROAD INSURANCE
UNDERWRITERS

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

FEB 5 2007

NOT COMPARED
WITH COPY FILED