EXHIBIT J
TO THE CERTIFICATION OF BRIAN E. O'DONNELL
DATED APRIL 19, 2007

Railroad Ins. Underwriters v. Certain Underwriters at Lloyd's, London, et al.

07cv3071(LLS)

Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1986 WL 6131 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

H
Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co., Ltd.
E.D.Pa.,1986.
Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
The MUTUAL FIRE, MARINE & INLAND INSURANCE CO.
v
NORAD REINSURANCE COMPANY, LTD.
**Civ. A. No. 86-1034.**

May 28, 1986.

Keith E. Johnston, Philadelphia, Pa., for plaintiff.
Arthur Newbold, Philadelphia, Pa., for Norad Reinsurance Company, Ltd.

MEMORANDUM AND ORDER
KELLY, District Judge.
*1 Presently before me is defendant, Norad Reinsurance Company Ltd.'s (Norad) motion to dismiss this action, or in the alternative, to stay the action pending arbitration. Norad relies upon Fed.R.Civ.P. 12(b)(6), failure to state a claim, or in the alternative, 9 U.S.C. § 3, stay of proceedings pending arbitration.

Norad contends that the contract between the parties mandates arbitration concerning disputes which arise under the contract. Norad argues because plaintiff failed to plead that the dispute had been submitted to arbitration and the arbitration process completed, it cannot seek relief under the contract in court.

The contract states specifically in part:
ARTICLE XXIV-ARBITRATION
A. As a condition precedent to any right of action hereunder, in the event of any dispute or difference of opinion hereafter arising with respect to this Contract, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration.

Plaintiff contests Norad's position and asserts that there is not a "dispute or difference of opinion" between the parties as to interpretation of the contract, rather plaintiff argues that Norad is breaching its expressed duty under the contract to provide a certain letter of credit. Plaintiff suggests that another clause in the contract provides that an "alien reinsurer" as is Norad [FN1] will submit to the jurisdiction of the court if a plaintiff here files an action to enforce payment of amount claimed under the contract, *a fortiori,* the court can take jurisdiction of this matter absent arbitration.

Plaintiff relies on the following paragraphs of the contract in support of its position:
ARTICLE XXI-SERVICE OF SUIT
(Applicable if the Reinsurer is not domiciled in the United States of America, and/or is not authorized in any State, Territory or District of the United States where authorization is required by insurance regulatory authorities)
A. In the event the Company, or any beneficiary hereunder, files suit against the Reinsurer to enforce payment of any amount claimed to be due hereunder, the Reinsurer, at the request of the Company, will submit to the jurisdiction of any court of competent

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1986 WL 6131 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

jurisdiction within the State, Territory or District of the United States where such suit is filed, and will comply with all requirements necessary to give such court jurisdiction. All matters arising hereunder shall be determined in accordance with the law and practice of such court, and the Reinsurer will abide by the final decision of such court, or of any appellate court in the event of any appeal.

I do not view Article XXI, *supra,* as providing an alternative to arbitration as set forth in Article XXIV, *supra.* Indeed, Article XXIV specifically states that arbitration is a prerequisite to a right of action. Article XXI merely confers jurisdiction of the court over the parties if a party seeks redress in court. I do not view Article XXIV and Article XXI as in conflict or Article XXI setting forth an exception to Article XXIV. Rather Article XXI is an acknowledgment by the parties of submitting to personal jurisdiction of the court when an action is brought; this paragraph is not an exception to the arbitration provision.

*2 Alternatively, plaintiff argues that since Norad's duty to provide a letter of credit is abundantly clear, there can be no dispute between the parties to submit to arbitration. However, I note that plaintiff, in its brief, suggests that Norad's refusal to produce the letter of credit is grounded upon the position that plaintiff has breached the agreement by its underwriting policies.

For all these reasons, I do not find merit in plaintiff's position. The parties have represented to the court that Norad had commenced an arbitration of these matters in February of this year. Accordingly, in view of 9 U.S.C. § 3 providing for staying a matter pending arbitration, I shall grant defendant Norad's motion to stay these proceedings. An order follows.

ORDER

AND NOW, this 27th day of May, 1986, for the reasons set forth in the foregoing Memorandum, it is ORDERED that defendant Norad Reinsurance Company Ltd.'s motion to stay this action is GRANTED. The defendant shall notify the court of the conclusion of arbitration within ten (10) days of the arbitrator's final order.

E.D.Pa.,1986.
Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Ltd.
Not Reported in F.Supp., 1986 WL 6131 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.