EXHIBIT K
TO THE CERTIFICATION OF BRIAN E. O'DONNELL
DATED APRIL 19, 2007

Railroad Ins. Underwriters v. Certain Underwriters at Lloyd's, London, et al.

07cv3071(LLS)

Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1
Not Reported in F.Supp.2d, 2002 WL 1602417 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

C
In re Arbitration Between Insurance Intermediaries, Inc. and Harbor Underwriters, Inc.
D.Kan.,2002.
Only the Westlaw citation is currently available.
    United States District Court,D. Kansas.
    In the Matter of the ARBITRATION BETWEEN INSURANCE INTERMEDIARIES, INC.,
    andHARBOR UNDERWRITERS, INC.
            **Case No. 02-2156-JWL.**

                July 17, 2002.

Arbitration panel awarded $155,044 in agents' commissions, overrides, and deferred compensation incentive credit to sales agency from insurance company pursuant to parties' written agreement. Agency moved to confirm award, and insurance company moved to vacate. The District Court, Lungstrum, J., held that arbitration panel had authority to decide agency's claims.

Arbitration award confirmed.
West Headnotes
[1] T ☞137

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(B) Agreements to Arbitrate
            25Tk136 Construction
                25Tk137 k. In General. Most Cited Cases
    (Formerly 33k2.2 Arbitration)
Arbitration provision in agreement between insurance company and sales agency was subject to Federal Arbitration Act (FAA), even though agreement stated that Kansas law applied to enforcement and interpretation of agreement. 9 U.S.C.A. § 1 et seq.

[2] T ☞143

25T Alternative Dispute Resolution
    25TII Arbitration
        25TII(B) Agreements to Arbitrate
            25Tk142 Disputes and Matters Arbitrable Under Agreement
                25Tk143 k. In General. Most Cited Cases
    (Formerly 33k7.5 Arbitration)
Sales agency's claims against insurance company for agents' commissions, overrides, and deferred compensation incentive credit fell within clause of parties' agreement stating that "differences of opinion on interpretation of the contract" were to be submitted to arbitration, and thus arbitration panel had authority to decide claims.

          **MEMORANDUM AND ORDER**
JOHN W. LUNGSTRUM, District Judge.
*1 A three-member arbitration panel awarded Insurance Intermediaries, Inc. ("Insurance Intermediaries") a total of $155,044.85 for payment of agents' commissions, overrides and deferred compensation incentive credit ("DCIC") from Harbor Underwriters, Inc. ("Harbor") pursuant to a written agreement between the parties. The matter comes before the court on Insurance Intermediaries' petition to confirm the arbitration award (Doc. 1), and Harbor's motion to vacate the award (Doc. 4). For the reasons set forth below, the arbitration award entered by the arbitration panel in favor of Insurance Intermediaries is confirmed. Harbor Underwriters' motion to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                     Page 2
Not Reported in F.Supp.2d, 2002 WL 1602417 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

vacate is denied.

## I. BACKGROUND

On June 7, 1997, Insurance Intermediaries and Harbor entered into an agreement whereby Insurance Intermediaries solicited insurance business for Harbor. Under Section B of the parties' agreement, Harbor agreed to pay commissions to Insurance Intermediaries on all business sold through Insurance Intermediaries according to Schedule 3 of the agreement. Section "O" of the agreement states:
Should there arise from any unforeseen cause, differences of opinion on interpretation of the contract which cannot be amicably settled between [Harbor] and [Insurance Intermediaries], it is then understood and agreed that such differences shall be submitted for arbitration to the decision of a board of arbitrators.... The laws of the State of Kansas shall govern the interpretation and application of this Agreement and the enforcement of the arbitration award.

On or about June 15, 2001, Insurance Intermediaries forwarded a Statement of Claim and Demand for Arbitration to the American Arbitration Association ("AAA"). According to the statement of claim, in July of 2000 Harbor stopped paying commissions to Insurance Intermediaries. Thus, Insurance Intermediaries stated that it sought to enforce payment of monies in accordance with Section B of its agreement with Harbor. In its answer to the statement of claim, Harbor disputed Insurance Intermediaries interpretation of the contract by stating that "the Agreement speaks for itself." It then argued that the dispute is not subject to arbitration because it "does not relate to any differences with regard to the interpretation of the Agreement between the parties." Finally, it argued that Insurance Intermediaries' claim is barred by Insurance Intermediaries material breach of the agreement.

Subsequent to its answer, Harbor filed with the AAA arbitration panel a motion to quash Insurance Intermediaries's statement of claim for lack of jurisdiction. The arbitrators denied the motion. The panel explained:
I.I.'s [Insurance Intermediaries] claim is for commissions, overrides and DCIC from 1999 to present based upon the contract. Harbor has generally denied liability and I.I.'s [Insurance Intermediaries] interpretation of several provisions of the contract by stating "the written agreement speaks for itself."

**\*2** It is evident, from the pleadings, that the parties' dispute arises out of their business relationship which was established by the contract.

\* \* \* \*

To resolve this dispute, the contract must be examined and interpreted. Thus, this claim is one that falls within Section O of the contract executed by the parties and is subject to arbitration. Harbor[']s Motion should be and is hereby denied.

On February 22, 2002, the arbitration panel issued its arbitration award; the panel awarded Insurance Intermediaries $155,044.85 for payment of agents' commissions, overrides and DCIC. The written decision explained that the panel was required to decide the parties' differences of opinion on interpretation of the agreement, including six different issues it listed. It then set out a number of different finds of fact and eventually concluded that Insurance

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2002 WL 1602417 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Intermediaries was entitled to an award in the amount of $155,044.85.

On April 10, 2002, Insurance Intermediaries filed in this court a petition to confirm the arbitration award. In response, on April 29, 2002, Harbor filed a motion to vacate the award arguing that the arbitrators exceeded their authority in deciding the claim.

II. DISCUSSION

Insurance Intermediaries seeks to confirm the arbitration award of the AAA three-member arbitration panel pursuant to section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Harbor does not question this court's jurisdiction to confirm the award or the finding of liability by the arbitrators; instead, Harbor seeks to vacate the award because the "arbitrators exceeded their authority in rendering the arbitration award."

[1] Section 9 of the FAA states that a federal district court with jurisdiction over the matter "must grant" a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Under section 10(a)(4) of the FAA [FN1], the court may vacate an arbitration award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The Tenth Circuit has emphasized the extremely limited application of the provision. *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462-63 (10th Cir.1995). The court "must give extreme deference to the determination of the arbitration panel for 'the standard of review of arbitral awards is among the narrowest known to law.' " *Brown v. The Coleman Company, Inc.*, 220 F.3d 1180, 1182 (10th Cir.2000) (quoting *ARW Exploration Corp.*, 45 F.3d at 1462).

FN1. Harbor argues that because the parties' agreement states that "the laws of the State of Kansas govern the interpretation and application of their agreement and the enforcement of any arbitration award[,] ... the Kansas Arbitration Act, and Kansas case law interpreting the relevant provisions of the Kansas Arbitration Act, constitutes the controlling authority." The court cannot agree that the choice of law provision in the parties agreement mandates that the court follow Kansas state law rather than the FAA and Tenth Circuit precedent interpreting the FAA. *See Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 966 (10th Cir.2001) (holding that federal law applied despite choice of law clause that stated that New York state law applied). In *Howsam*, the Tenth Circuit explained that the "Federal Arbitration Act, 9 U.S.C. §§ 1-16, which applies to all arbitration agreements 'involving commerce,' 'create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.' " *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Thus, the court concludes that the agreement is subject to the federal law of arbitrability, as that law has been established in the Tenth Circuit, despite the choice of law provision contained in the agreement.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 1602417 (D.Kan.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

Once an arbitration award is entered, the finality that courts should afford the arbitration process weighs heavily in favor of the award, and courts must exercise great caution when asked to set aside an award. Because a primary purpose behind arbitration agreements is to avoid the expense and delay of court proceedings, it is well settled that judicial review of an arbitration award is very narrowly limited.

*3 *ARW Exploration Corp.*, 45 F.3d at 1463 (quoting *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir.1986)).

[2] Harbor contends that the arbitrators exceeded their authority because the "arbitration clause only makes 'differences of opinion on interpretation' of the Agreement subject to Arbitration." According to Harbor, "the arbitration clause of the Agreement did not provide for arbitration for disputes regarding payments due under the Agreement." Thus, in Harbor's view, the arbitrators exceeded their powers.

The arbitration clause in the parties' agreement states that "differences of opinion on interpretation of the contract" will be submitted to arbitration. Mindful of the strong federal policy in favor of arbitration, the court concludes that Insurance Intermediaries' claim falls within the scope of the parties' arbitration agreement. Insurance Intermediaries' claim was for commissions, overrides and DCIC from 1999 to present. It claimed it was due those monies under the parties' agreement. Harbor questioned Insurance Intermediaries' interpretation of several provisions of the agreement by stating "the written Agreement speaks for itself." Thus, the parties had a "difference of opinion on interpretation of the contract" and, accordingly, the arbitrators properly decided the dispute. Harbor did not, for example, concede that Insurance Intermediaries would be entitled to recover the commissions, overrides and DCIC under the parties' agreement but for a defense unrelated to the agreement. Instead, the arbitrators were required to construe the terms of the agreement in concluding that Insurance Intermediaries was entitled to commissions, overrides and DCIC. In short, Harbor cannot avoid arbitration by merely stating that "the parties Agreement speaks for itself" but, at the same time, denying what the agreement says entitles the other party to recover. The court therefore denies Harbor's motion to vacate the arbitration award. The court orders that the award is confirmed, *see* 9 U.S.C. § 9, and judgment is ordered accordingly.

IT IS THEREFORE ORDERED BY THE COURT that Harbor's application to vacate the arbitration award in favor of Insurance Intermediaries (Doc. 4) is denied.

IT IS FURTHER ORDERED BY THE COURT that the arbitrator's award in favor of Insurance Intermediaries (Doc. 1) is confirmed. Judgment is awarded in favor of Insurance Intermediaries against Harbor in the amount of $155,044.85.

IT IS SO ORDERED this __ day of July, 2002.

D.Kan.,2002.  
In re Arbitration Between Insurance Intermediaries, Inc. and Harbor Underwriters, Inc.  
Not Reported in F.Supp.2d, 2002 WL 1602417 (D.Kan.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 5
Not Reported in F.Supp.2d, 2002 WL 1602417 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.